UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_United States of America_
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_Daniel B Karron_

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

[Stamp: U.S. DISTRICT COURT FILED APR 17 2009 S.D. OF N.Y.]

08 Civ. 10223 NRB ( )

**NOTICE OF APPEAL IN A CIVIL CASE AND MOTION FOR AN EXTENSION OF TIME**

[Stamp: PRO SE OFFICE]

Notice is hereby given that _Defendant, Daniel B Karron_ *(party)* hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment _ORDERED March 17 giving a Briefing Schedule in argument for a Summary Judgement, giving a June 5_ *(describe the judgment)*

entered in this action on the _17_ *(date)* day of _March_ *(month)*, 20_09_ *(year)*.

In the event that this form was not received in the Clerk's Office within the required time, _Defendant_ *(party)* respectfully requests that the Court grant an extension of time in accordance with Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

In support of this request, _Defendant_ *(party)* states that this Court's judgment was received on _20 March 2009_ *(date)* and that this form was mailed to the Court on _7 April 2009_ *(date)*.

Signature: [signature]
#60101037 B3
Address: FEDERAL PRISON CAMP
PO BOX A
ALDERSON WV 24910
*City, State & Zip Code*

DATED: _____, 20___    ( ) _____
*Telephone Number*

NOTE: You may use this form if you are mailing your notice of appeal and are not sure that the *Pro Se* Office of the Southern District of New York will receive it within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

Rev. 05/2007

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

DANIEL B. KARRON,

　　　　Defendant-Appellant.

-----------------------------------------------------------X

No. 08 CrV 1223 NKB

**AFFIDAVIT IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

DANIEL B. KARRON declares the following as true under penalty of perjury:

1. I am the defendant in this action. I submit this additional affidavit in support of my motion for a stay of this civil action pending appeal of an order refusing to stay this action pending the outcome of a criminal action against me, which is now pending appeal. I also seek an interim stay pending the determination of this motion.

2. In this Circuit, four factors are considered before staying the actions of a lower court: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993).

3. First, it is clear that there is irreparable injury, because moving forward on the civil action will place me in a dilemma of constitutional proportions: whether to defend the civil action and waive my Fifth Amendment rights against self-incrimination, or to invoke my Fifth Amendment rights against self-incrimination and not to defend the civil action, creating a grave risk of a judgment against me for millions of dollars. In addition, the civil action is premised on the criminal conviction and the plaintiff has evidenced their intent to file a summary judgment motion against me in this civil action based, in full [~~large~~] measure, on the criminal conviction. The plaintiff's summary judgment brief is scheduled to be served upon me on or before April 17, 2009, and my response is due shortly thereafter June 5, 2009. If the criminal conviction is reversed, the basis for the civil action disappears, but I will have already been placed in legal jeopardy by the choice between asserting or waiving my Fifth Amendment rights against self-incrimination.

4. Second, there is no harm to the plaintiff if the stay is granted. There is nothing in the record to suggest prejudice to the plaintiff by reason of a stay. The stay will be of relatively short duration, and the plaintiff apparently already has all the evidence it needs, as evidenced by its intent to file a summary judgment motion. The motion is scheduled to be served upon me on April 17, 2009, and the plaintiff has notified me of no intention to take any discovery. Therefore, it cannot be said that crucial evidence is going to disappear, or that the passage of time will dim the memory of witnesses. In addition, I am currently incarcerated as a result of the criminal action, I have no funds, and the government has seized the few assets that I possessed, leaving me penniless. There is no danger of funds disappearing that the government hopes to collect.

2

5. As for the merits of the appeal and the public interest in the issues it raises, it is well-settled that a court has the discretionary authority to stay a civil case pending a criminal case based on the same subject matter if the interests of justice so require. *See* United States v. Kordel, 397 .S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1 (1970); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986) (citing *SEC v. Dresser Industries,* 628 F.2d 1368, 1375 (D.C.Cir.) ( *en banc* ), *cert. denied,* 449 .S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)) (holding that although "the Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings ... a court may decide in its discretion to stay civil proceedings"); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y.1993). Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. *See* In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y.1990) (citing *Dresser,* 628 F.2d at 1376); *Brock v. Tolkow,* 109 F.R.D. 116, 119 (E.D.N.Y.1985).

The standard for a stay of a civil action pending a criminal action on the same subject matter based on Fifth Amendment considerations can be found in Trustees v. Transworld, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995) and Banks v. Yokemick, 144 F.Supp.2d 272, 275-276 (S.D.N.Y 2001). As stated by the Court in Banks, the consideration includes the following factors:

> (1) interests of the plaintiff in an expeditious resolution and prejudice to plaintiff in not proceeding; (2) interests of and burdens on the defendant, in particular the extent to which the defendant's Fifth Amendment rights are implicated; (3) convenience to the court in the management of its docket and in the efficient use of judicial resources; (4)

interests of other persons not parties to the civil action; and (5) interests of the public in the pending civil and criminal actions.

In regard to the first Banks factor, while the plaintiff here has the same interest as any plaintiff in a quick resolution, there is nothing in the record to suggest a special reason why this plaintiff needs an especially quick resolution, nor is there any indication in the record of prejudice to the plaintiff by reason of a stay. The stay will be of relatively short duration, and the plaintiff apparently already has all the evidence it needs, as evidenced by their intent to file a summary judgment motion. Therefore, it cannot be said that crucial evidence is going to disappear, or that the passage of time will dim the memory of witnesses.

In regard to the second factor, the burden on the defendant's Fifth Amendment rights is severe because the appeal may result in a retrial. In answer the civil complaint in this case, the defendant must be mindful of this, choosing between a) asserting Fifth Amendment rights in the civil case and thereby losing the chance to defend the case adequately, or b) waiving Fifth Amendment rights and subjecting himself to prejudice in any criminal retrial.

In regard to the third factor, since this case has just recently commenced and little court time or resources have been consumed in the process of the case, there is little inconvenience to the court in the management of its docket and in the efficient use of judicial resources. The fourth factor, interests of other persons not parties to the civil action, is not implicated here. The interests of the public in the pending civil and criminal actions, the fifth Banks factor, is likewise not implicated because the public's interests are not furthered by rushing this civil action.

Based on this analysis, the District Court abused its discretion in denying my motion to stay the civil action pending the outcome of the criminal appeal upon which the civil action is based. If the criminal action is reversed, the basis for the civil action fails. In the meantime, I am subjected to legal jeopardy by the choice between asserting my Fifth Amendment rights, and failing to defend the civil action, or defending the civil action vigorously and waiving my Fifth Amendment rights. There is no need to rush the civil action forward at the expense of the constitutional right against self-incrimination.

I respectfully request that this Court stay this civil action pending appeal of the order below, and grant an interim stay pending the determination of this motion.

Respectfully submitted,

_____
Daniel B. Karron
a/k/a Dianne B Karron

7 April 2009

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_UNITED STATES OF AMERICA_

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

08 Civ. 1223 (NRB) ( )

-against-

_DANIEL B KARRON_

**REQUEST TO PROCEED
IN FORMA PAUPERIS
ON APPEAL**

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

I, _DANIEL B KARRON_, (print or type your name) am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* on appeal and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

The issues I desire to present on appeal are the following: ① Proceeding with Civil Case while Criminal Case is in appeal and NO FINAL JUDGEMENT IN MANDATE is decided creates an "unconstitutional Condition" ② CRIMINAL CONVICTION IS FLAWED - JURY DID NOT FIND Criminal Intent (mens rea) in verdict, necessary for "False Claims Act" CLAIM ③ No False Claim Act claim

1. If you are presently employed:
   a) give the name and address of your employer
   b) state the amount of your earnings per month

2. If you are NOT PRESENTLY EMPLOYED:
   a) state the date of start and termination of your last employment
   b) state your earnings per month
   **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

Employment Terminated as of April 1, 2008
earnings approximately $9,000/month with Major Military Defense Contractor with Security Clearance Pending Conviction ... employment as ...

Rev. 07/2007

1

3. Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

_NY State Unemployment Payments of approx 400/week_

a) Are you receiving any public benefits?  ☑ No.   ☐ Yes, $_____.

b) Do you receive any income from any other source?  ☑ No.   ☐ Yes, $_____.

4. Do you have any money, including any money in a checking or savings account? If so, how much?

☑ No.   ☐ Yes, $_____.

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☑ No.   ☐ Yes, $_____.

6. Do you pay for rent or for a mortgage? If so, how much each month?

☑ No.   ☐ Yes, _____.

7. List the person(s) that you pay money to support and the amount you pay each month.

_____

_____

8. State any special financial circumstances which the Court should consider.

_Unable to obtain commensurate employment due to criminal conviction destroying defendants reputation and ability to obtain Security Clearance._

3

I understand that a false statement or answer to any question in this declaration shall subject me to the penalties for perjury.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___7___ day of ___April___, ___2009___
                *date*              *month*         *year*

_____
                        *Signature*

**Let the applicant proceed on appeal without prepayment of cost or fees or the necessity of giving security therefor.**

_____
United States District Judge

DATED: _____ ___, 20__

_____, New York

*Rev. 07/2007*

## FINANCIAL AFFIDAVIT
### In Support of a Motion to Proceed In Forma Pauperis

Case Name: __08 CIV 1223__

Docket Number: _____

### EMPLOYMENT

Are you now employed? ☐ Yes ☒ No ☐ Self Employed
Name & Address of Employer: _____

If YES, how much do you earn per month? $ ~~5,000 - 7,000~~ $ Gross/month

If NO, give month & year of last employment __April 1, 2008__

How much did you earn per month? __5,000 - 7,000 $/month__

If married, is your spouse employed? ☐ Yes ☐ No
If YES, how much does your spouse earn per month? $ _____

If a minor under age 21, what is your parents' or guardian's approximate monthly income?
$ _____

### OTHER INCOME

Have you received in the past 12 months any income from a business, profession, or other form of self-employment, or in the form of rent, payments, interest, dividends, retirement or annuity payments, or other sources? ☒ Yes ☐ No
If YES, give the amount received and identify sources:

Received: 40/minus UI claims      Sources: _____

### CASH

Have you any cash on hand or money in savings, a prisoner trust fund account or checking account? ☒ Yes ☐ No
If YES, state total amount $ __200 $__

## PROPERTY

Do you own any real estate, stock, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing?) ☒ Yes ☐ No
If YES, give value and describe it:

Value: -0-
Description: 1995 Dodge NEON 4 Door 180,000 miles

## DEPENDENTS

Marital status:
☐ Single
☐ Married
☐ Widowed
☒ Separated or Divorced

Total No. of Dependents: _____

List persons you actually support & your relationship

## DEBTS & MONTHLY BILLS

List all creditors, including banks, loan companies, charge accounts, etc.

Creditors: TOO MANY TO LIST, TOTAL UNKNOWN AT THIS TIME WHILE IN PRISON
Apt. or Home: Without Financial Records

| Creditor | Total Debt | Monthly Payment |
|---|---|---|
| CHASE BANK | $70,000 | $ |
| BANK OF AMERICA | $100,000 | $ |
| Other Credit Card Companies | $50,000 | $ |

I certify the above to be correct.
to the best of my recollection without my financial records while in prison

Signature of movant: [signature]
Date: 7 April 2009

**WARNING:** A false or dishonest answer to a question in this affidavit may be punishable by fine, imprisonment, or both.