```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,             :

                Plaintiff,   :   **O R D E R**

    - against -                     :   08 Civ. 10223 (NRB)

DANIEL B. KARRON,                     :

                Defendant.   :

------------------------------------x

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant has moved this Court pursuant to 28 U.S.C. § 1915(e) for appointment of counsel. When deciding whether to appoint a lawyer for an indigent party in a civil action, the following criteria are applied: (1) the merits of the party's claims; (2) ability to pay; (3) the applicant's efforts to obtain a lawyer; (4) the availability of a lawyer; and (5) the applicant's ability to gather and deal with the relevant facts. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). The threshold requirement is a showing of sufficient likelihood of success on the merits to warrant the appointment of counsel. See, e.g., McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121 (2d Cir. 1988). When evaluating the merits, pro se applicants are held to a less stringent standard. Haines v. Kerner, 404 U.S. 519 (1972).

    Based upon the record submitted to date, I cannot conclude

that defendant has demonstrated a likelihood of success on the merits that would support the appointment of counsel. Thus, the application is denied without prejudice to reconsideration at a later time should future developments warrant a different result.

**IT IS SO ORDERED.**

DATED:      New York, New York
            December 2, 2009

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE