UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,　　　　　　　:

          Plaintiff,　　　　　　　　　　　　　　:　　08 Civ. 10223 (NRB) (DFE)

  - v. -　　　　　　　　　　　　　　　　　:　　**DECLARATION OF**
　　　　　　　　　　　　　　　　　　　　　　　:　　**MELINDA S. CHUKRAN**
DANIEL B. KARRON,　　　　　　　　　　:　　**IN SUPPORT OF PLAINTIFF'S**
　　　　　　　　　　　　　　　　　　　　　　　:　　**MOTION FOR SUMMARY**
          Defendant.　　　　　　　　　　　　:　　**JUDGMENT**
------------------------------------------------------------------ x

      I, MELINDA S. CHUKRAN, declare the following pursuant to 28 U.S.C. § 1746 under penalty of perjury:

      1.    I am employed as a Non-Supervisory Grants Specialist (Audit/Policy) by the United States Department of Commerce, National Institute of Standards and Technology ("NIST"). I have worked in the Grants Office at NIST since 1993 and have held various grants specialist positions since that time. The statements I make in this declaration are on the basis of my personal knowledge and my review of NIST records relating to the above-captioned matter. I submit this declaration in support of the United States of America's motion for summary judgment.

      2.    At the time that the cooperative agreement at issue in this case was entered into, applicable regulations and agency policies required a recipient of government research funding (a "Recipient") regularly to file certain financial reports that were to be certified by an "Authorized Certifying Official" of the Recipient.

**A.**    **The "Request for Advance or Reimbursement" Form (Form SF-270)**

      3.    Department of Commerce regulations require requests for advance payment to be submitted on a form entitled "Request for Advance or Reimbursement" or SF-270. *See* 15

C.F.R. § 14.22. The regulations provide for an exception to this requirement where "advance payments are made to the recipient automatically through the use of a predetermined payment schedule or if precluded by special [Department of Commerce] instructions for electronic funds transfer." *Id.* § 14.22(d). Forms SF-270 may be submitted on a monthly basis. *Id.* § 14.22(c)(3).

4. Form SF-270 requires an Authorized Certifying Official of the Recipient to make the following (or a substantially similar) certification:

> I certify that to the best of my knowledge and belief the data on the reverse are correct and that all outlays were made in accordance with the grant conditions or other agreement and that payment is due and had not been previously requested.

5. In July 2002, the special award conditions for the CASI cooperative agreement were amended to change the payment method to the Department of Treasury's Automated Standard Application for Payment ("ASAP") system ("Amendment No. 4"). Amendment No. 4 excused CASI from the filing requirement for Form SF-270. Attached as Exhibit A is a true and correct copy of Amendment No. 4.

6. Attached as Exhibit B are true and correct copies of nine Requests for Advance or Reimbursement dated between the inception of the award in October 2001 and the date of Amendment No. 4 and signed by defendant Daniel B. Karron as the Authorized Certifying Official for Computer Aided Surgery, Inc. ("CASI").

**B.   The "Federal Cash Transactions Report" Form (Form SF-272)**

7. When funds are advanced to a Recipient, Department of Commerce regulations require the Recipient to submit a form entitled "Federal Cash Transactions Report" or SF-272. *See* 15 C.F.R. § 14.52(a)(2)(i). The regulations provide for various exceptions to this requirement, including where "electronic payment mechanisms provide adequate data." *Id.* § 14.52(a)(2)(v). Section A.01 of the Department of Commerce's Financial Assistance Standard

Terms and Conditions also requires submission of Form SF-272. Section 7(c)(3)(b) of the ATP's General Terms and Conditions for cooperative agreements requires monthly submission of a Form SF-272 for awards over $1 million, such as the CASI award at issue in this matter. *See* GX 2.[1]

8. Form SF-272 requires an Authorized Certifying Official of the recipient to make the following (or a substantially similar) certification:

> I certify to the best of my knowledge and belief that this report is true in all respects and that all disbursements have been made for the purpose and conditions of the grant or agreement.

9. Amendment No. 4 also excused CASI from the filing requirement for Form SF-272. *See* Exhibit A ¶¶ 11(c), (f).

10. Attached as Exhibit C are true and correct copies of seven Forms SF-272 dated between the inception of the award in October 2001 and the date of Amendment No. 4 and signed by defendant Daniel B. Karron as the Authorized Certifying Official for Computer Aided Surgery, Inc. ("CASI").

### C. The "Financial Status Report" Form (Form SF-269)

11. Department of Commerce regulations require a Recipient "to report the status of funds for all nonconstruction projects or programs" on a form entitled "Financial Status Report" or SF-269. *See* 15 C.F.R. § 14.52(a)(1)(i).

12. Form SF-269 requires an "Authorized Certifying Official" of the recipient to make the following (or a substantially similar) certification:

> I certify to the best of my knowledge and belief that this report is correct and complete and that all outlays and unliquidated obligations are for the purposes set forth in the award documents.

---

[1] GX 2 is attached to the Declaration of Michael J. Byars dated June 18, 2010.

3

13. Attached as Exhibit D are true and correct copies of four Financial Status Reports dated between the inception of the award in October 2001 and the date the award was suspended in June 2003 and signed by defendant Daniel B. Karron as the Authorized Certifying Official for Computer Aided Surgery, Inc. ("CASI") for purposes of receiving the funds under the Cooperative Agreement at issue in this case.

I declare that the forgoing is true and correct under penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated:   Gaithersburg, Maryland
         June 18, 2010

                                              /s/ Melinda S. Chukran
                                              MELINDA S. CHUKRAN