D. B. Karron, Ph. D.
348 East Fulton Street
Long Beach, New York 11561
E-Mail to drdbkarron@gmail.com
(or) karron@casi.net
Facsimile +1 (516) 308 - 1982
Voice +1 (516) 515 - 1474
(or)+1 (212) 686 - 8748
Cell +1 (917) 674 - 0848

Sunday, April 17, 2011

Hon. Naomi Reice Buchwald
United States District Judge
Courtroom 21A
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

~~BY FAX~~ PRO SE TO CHAMBERS at +1 (212) 805 7927

RE: United States vs. Daniel B. Karron, 08 Civ. 10223 (NRB)(DFE)



Dear Judge Buchwald;

Prefatory to an appeal, it is necessary to correct the case record to make it correspond to the actual papers served and filed that formed the basis of this case for the Second Circuit review. Some documents submitted are docketed but not scanned, or not docketed at all, or Documents docketed late relative to court-mandated deadlines.

Declaration of DB Karron, filed August 23, 2010, Docket item 30, does not seem to be scanned and available as a document on PACER, and does not appear to be made a part of the case record.

The Declaration of Eric Eisen, ESQ, which is a transcription of the NIST ATP conference, is completely ignored, and does not appear on the Docket at all, despite being submitted and accepted by the court.

These documents are heavily cited by the Defendant in the Opposing Memorandum of Law, and extensively cited in the Defense Opposing 56.1 counterstatement.

These corrections being sought in this motion consist of scanning and docketing of the supporting Declarations of evidence filed with my opposing motion papers and opposing 56.1 statements, and the deletion of the Governments' sur reply filed late.

Exhibit A is the contemporaneous declaration of Service, which inventories the opposing submission made last year. All of these documents should be made part of the record.

Exhibit B is my letter to chambers referring to the Governments Sept 17 Submission.
I also refer to the Governments' sur-reply as being late and technically in default. I also refer to my Declaration papers, with their associated Exhibits as not being made part of the case record.

Exhibit C is my request for permission to sur-reply. In this letter I again note that the papers to which I am proposing to reply to are technically late. In this letter I requesting clarification before I make a reply.

Exhibit D. is your letter denying sur-reply and further motions, stating the matter is fully briefed before your court.

Exhibit E is a copy of the Courts Memorandum and Order of July 30, 2010, Document 27.

The Government Reply Memorandum of Sept 17, 2010, Docket document 34, was inappropriately docketed beyond the Court's own mandated deadline of Aug 30, 2010, as specified in the above Exhibit E.

While this Court has chosen to ignore the Defense opposing submissions under the rubric of Issue Preclusion and statutory Collateral Estoppel, it is inappropriate for the Court to occlude submitted evidence from Circuit court review. An appeal would need to review the record to evaluate the invocation of Collateral Estoppel.

The large number of citations to admissible evidence under the Federal Rules of Evidence, which the Government and Court contends are not admissible, points to exhibits and exhibit groups contained in the Defendant's Declaration Exhibits. An independent evaluation of admissibility requires the Exhibits be made part of the record.

In reviewing the Defendant's papers now 9 months in retrospect, the Defendant acknowledges there was some confusion of issues of Fact from Issues of Law and arguments of law should have been moved to the Memorandum of Law. The Defendant's 56.1 counterstatement is dependent on Karron Declaration Exhibits. However, the intent and evidence of the Defense arguments are clearly discernable. While the court made 3 citations into the Defense papers, the court made a number of references without specific citation to Defense arguments in substance without citation into the Defendants briefing.

The court cited standards of review in a light most favorable to the Government, not to the non-movant/Defendant, and chose not to construe *pro se* arguments unclearly articulated for the court, ~~construed for~~ the benefit of the Defendant. The Circuit court review should not be precluded from reviewing this courts' reasoning by omission of the source documents from the record.

I thank the court for the consideration and courtesy afforded myself as a neophyte *pro se* Defendant while in prison and under the strictures of probation.

A notice of Appeal and IFP is attached.
A notice of Motion to Correct the record is also attached, with Exhibits.
This letter should be docketed as part of this submission.

Sincerely,

D. B. Karron
*pro se*

cc: Michael Byars by e-mail to Michael.Byars@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

08 Civ. 10223 (NRB)

- against -

DANIEL B KARRON

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, DANIEL B KARRON, declare under penalty of perjury that I have
    *(name)*
served a copy of the attached Motion letter to Chambers
    *(document you are serving)*

upon Judge Buchwald whose address is Courtroom 21A
    *(name of person served)*
500 Pearl St NY NY 10007
    *(where you served document)*

by hand delivery to Pro Se office
    *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: NY, NY
    *(town/city)* *(state)*
April 19, 2011
*(month)* *(day)* *(year)*

Signature

348 E Fulton St
*Address*
Long Beach NY
*City, State*
11561
*Zip Code*
917 474 0828
*Telephone Number*

*Rev. 05/2007*