USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4-19-2011

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

- v. –

DANIEL B. KARRON,

Defendant.

08 Civ. 10223 (NRB) (DFE)

MOTION TO CORRECT THE RECORD

PLEASE TAKE NOTICE defendant Daniel B. Karron, will move this court, before District Judge Buchwald, to docket and scan omitted papers and strike untimely papers.

BACKGROUND

Defendant, Daniel B. Karron, submitted reply papers, with an Affirmation of Service dated September 8, 2010.*(Exhibit A)* The Affirmation enumerates 6 Documents, in 11 components total. These Declarations of concern were from

1.  Deborah Anne Dunlevy
2.  Eric Eisen, Esq, in two parts, including a DVD with an .MP4 video
3.  Daniel B. Karron, PhD, The Defendant, in parts a, b, c, d, and e.

Only one of the Declarations were actually docketed and made part of the record in this case, specifically the Declaration of Dunlevy. That document was split into 18 enumerated

attachments. **Enumerated part 15 is missing from the PACER docket of the Dunlevy Declaration Document 32.**

The Declaration of DB Karron, filed August 23, 2010, **Docket item 30, is apparently not scanned into the Docket**.

**The entirety of the Eisen Declaration document is omitted from the Docket**.

Said documents should be made part of the case record by scanning into the ECF docket.


FURTHER,

The Government Reply Memorandum of Sept 17, 2010, Docket Document 34, was incorrectly docketed, as it was untimely, being submitted after the Court mandated deadline of Aug 30, 2010, as specified by the Court's Memorandum and Order of July 30, 2010, Docket Document 27. *Exhibit E and Exhibit C.*

Justification

In *Per Smith v. District of Columbia, 430 F.3d 450 (D.C. Cir. Dec 06, 2005)* the circuit court reversed the district court ruling based on an uncontested untimely motion.  The district court abused its discretion by granting District's late motion for summary judgment ~~on the discrimination claim~~ ᒧᑌᗷᏐᏦ

*Federal Rule of Civil Procedure 6(b)* governs extensions of time for various filings with the trial court. When a court sets a deadline, the court may, for cause, exercise its discretion "upon motion made after the expiration of the specified period" and permit the belated action "where the failure to act was the result of excusable neglect." *Fed.R.Civ.P. 6(b).*  In *Lujan v. National Wildlife Federation*, the Supreme Court noted the distinction between this provision and Rule 6(b)(1), which allows a court to grant an extension if a "request" is made before the time for filing expires.  *497 U.S. 871, 896 n. 5, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).*  By contrast, the Court emphasized that post-deadline extensions may be granted only "for cause shown" and "upon motion." *Id. at 896, 110 S.Ct. 3177.*  Any post-deadline motion "must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond." *Id. at 896 n. 5, 110 S.Ct. 3177.* We review the district court's decisions under *Rule 6(b)* for abuse of discretion. See *In re Vitamins Antitrst Class Actions, 327 F.3d 1207, 1209 (D.C.Cir.2003).*

We have been quite deferential to *Rule 6(b)* decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party. *FN5* See *Yesudian ex rel. United States v. Howard Univ., 270 F.3d 969, 971 (D.C.Cir.2001).* In *Yesudian*, however, we found that the *Rule 6(b)(2)* motion requirement may have been satisfied by a memorandum filed by the requesting party. *Id.* Here, the District concedes that it never moved for an extension of the deadline. In the absence of any motion for an extension, the trial court had no basis on which to exercise its discretion. See *Lujan, 497 U.S. at 896, 110 S.Ct. 3177* (stating that "any post deadline extension must be 'upon motion made' "). Under these circumstances, then, we are compelled to conclude that the district court abused its discretion in entertaining the late motion for summary judgment on Smith's disability discrimination claim.
*Per Smith v. District of Columbia, 430 F.3d 450 (D.C. Cir. Dec 06, 2005)*

Therefore, the Governments Reply Memorandum is unexcused and untimely.  Though the court may contend the motion is immaterial to the court's decision in this case, the Governments' motion brief is prejudicial and un-rebutted in this case on review by the circuit court.

Because the document was late, and in violation of the Courts own deadline, pursuant to Rule 6(b)  of the Federal Rules of Civil Procedure granting (the docket document 34), Government Reply Memorandum is be stricken from this case docket record.

So Ordered
Dated _____,__, 2011

DANIEL B. KARRON
Pro Se defendant

# EXHIBIT

# A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/8/2010

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

UNITED STATES OF AMERICA,

    Plaintiff,

    - v. –

DANIEL B. KARRON,

    Defendant.
------------------------------------------------------------

                                         08 Civ. 10223 (NRB) (DFE)

                                         AFFIRMATION OF SERVICE

I, D B KARRON, declare under penalty of perjury that I have served an electronic copy of the attached in the form of a verified DVD consisting of the following documents

1. Judge Buchwald Cover Letter(.PDF)
2. MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT (.PDF)
3. OPPOSING 56.1 STATEMENT OF MATERIAL FACTS (.PDF)
4. Declaration of Deborah Anne Dunlevy with attached Exhibits (.PDF)
5. Declaration of Eric A Eisen with attached Exhibits(.PDF)
   a. NIST ATP PROPOSERS CONFERENCE 2007 Video (.MP4)
6. Declaration of D B Karron
   a. Exhibits Volume 1 (.DOCX and .PDF)
   b. Exhibits Volume 2 (.DOCX and .PDF)
   c. Law, Statutes, Rules, Reports (.DOCX )
   d. Case Law (.DOCX)
   e. Legal Articles(.DOCX)

upon

Michael J. Byars, Assistant United States Attorney,


Whose address is


86 Chambers Street, 3rd Floor

New York, New York 10007

By Hand on this day


Dated: September 7, 2010

New York, NY

Signed


D B Karron

348 East Fulton Street

Long Beach, NY 11561

# EXHIBIT

# B

D. B. Karron, Ph. D.
348 East Fulton Street
Long Beach, New York 11561
September 28, 2010

Hon. Naomi Reice Buchwald
United States District Judge
Courtroom: 21A
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
BY FAX TO CHAMBERS at +1 (212) 805 7927

RE: United States vs. Daniel B. Karron, 08 Civ. 10223 (NRB)(DFE)

Dear Judge Buchwald;

This letter is a direct rebuttal to the accusations leveled at myself by the Government in
their most recent letter of 17 September, 2010. They attempt to impeach the credibility and
admissibility of the sworn declaration of Dunlevy (amongst other allegations) because of
implied improper shredding of backup source documents. The Government hypothesizes (in its
footnote 1) that this is because "the defendant had directed that the original backup for bills be
shredded". This implies that Dunlevy's analysis is (amongst other allegations) incomplete and
should be removed from evidence, contrary to her sworn statements, because of the omission of
complete source documents.

This is factually incorrect. This can be disproven conclusively by three independent and separate
counter statements.

1) As is well known by anyone who has worked with myself, Dr. Karron has an annoying habit
of scanning into daily logs every document she has come into contact. *Trial Transcript Page
48, Line 18 et seq, Page 601 Line 3 et seq, Page 674 Line 22 et seq. Trial Transcript Exerpts
Attached Exhibit 1.* Despite the governments' over seizure of all CASI computers in 2007, I paid
some $30,000 to recover "image copies" of all of the CASI business computer disks. *Order
Docketed 10/15/07 attached as Exhibit 2.* An exact copy was provided to the Government.
From there I was able to reconstruct the file systems, and from that, all of my daily log files.
Therefore; there are no missing source documents.

2) The discovery provided to the criminal defense team by the government at the first trial
consisted of 6,636 pages of Bates number stamped sheets. This consists mostly of bank and
credit card statements, vendor billing, and cancelled checks. This was entered into the criminal
trial record by stipulation as Government Exhibits 80, 81, 82, 90, 100, 101, 102, 103, 104,
120, 120A. *Stipulation Attached as Exhibit 3.* Additionally, components parts of Dunlevy's

forensic analysis were previously included as Defense Exhibit XXX, XXX-1, ZZZ, ZZZ-1. *Trial Transcript Page 1168 Line 1 et seq. Stipulation Attached as Exhibit 4.* Her qualifications as expert witness were not contested in the criminal trial. *Trial Transcript Page 1173 Line 24-25:* "THE COURT: She's -- therefore, she's an expert witness doing things in hindsight". *See also Trial Transcript Page 1165 Line 15 et seq.* Between all of the Government and Defense exhibits, there are no missing documents.

3) The Government is in possession of the each and every original physical paper check and other documents from Computer Aided Surgery and CASI LLC. An additional scanned copy of these documents (available on request and collated into the "master reference collection") were made on site at the Department of Justice by the defense lawyer William DiCenzo on May 27, 2008, prior to the first trial. The government has a set of original, un-shredded cancelled checks and other documents.

Conclusion) Governments' allegation of a deficiency in Dunlevy reconstruction due to the unavailability of source documents is baseless. Both Government and Defendant have full set of source documents.

The defense has collated multiple sources for each document into a single reference copy of each and every document. A reference document exists for each check, credit card receipt, bank statement and credit card statement. These are filed by check number, and by statement closing date for all accounts. This "master reference collection" contains original source document records and Bates Stamped government provided records for the entire grant period, the run up and aftermath where there are relevant  transactions. We propose to the court to submit this as an electronic Appendix 2 to Dunlevy's analysis.

The language used in attempting to impeach Dunlevy contains accusatory *non sequitur* comments, and out of context quotations, but no salient facts or hard evidence.
1) Contemporaneous personal knowledge is not a requirement or even an issue; a thorough document review is an issue. See Trial Courts comment above.
2) Culpability or Exculpation is not an issue. Admissibility of evidence is.
3) Rule 702(1): sufficiency of fact and documents is attested to by Dunlevy.
3) Rule 702(2) : the principles and methods are reliable accounting industry standard practice. These principles and methods will be quoted from various accounting textbooks and American Institute of Certified Public Accounting specifications and detailed in Dunlevy follow on Declaration.
4) Rule 702(3):  these industry methods were used to prepare this particular exhibit testimony.
5) Rule 25(a)(2): Dunlevy is expert, experienced and knowledgeable.  She will include a copy of her resume in her follow on Declaration, and she has recited her experience in her first Declaration. She was accepted as a witness in the criminal trial by the Trial Court. *Trial Transcript Page 1165 Line 15 et seq.* (See above).

A more complete response will be made by Dunlevy's in her follow on Declaration and Source Document Appendix 2.

The Plaintiff questions the relevance of Dunlevy Declaration to the establishment of "Falsity of Dr. Karron's certifications that she [Karron] was spending **CASI** funds according to the budget provided for the project"[Emphasis Added]. *Plaintiff Letter of 17 September.* It is clear from Table 1 of Karron's "56.1"s opposing submission *(Exhibit 5)*, that Karron did in fact spend **CASI** funds to supplement the NIST ATP funding, in accordance with the co-funding specification of the various approved grant budgets.

The truth or falsity of this CASI co-funding clearly requires tracing funds from Karron's *bona fide* after tax net take home salary- back to CASI. These monies were co-funding contributions whether they were cash, checks deposited to the bank or monies advanced for the NIST ATP project via credit card or personal checks of Karron. Because the government questions CASI co-funding spending relative to (any of) the approved budgets, the relevance of Dunlevy's tracing analysis and other analysis is now indisputable to establish ground truth fiscal analysis and damage accounting.

Sincerely,

D. B. Karron
*pro se*
cc: Michael Byars by e-mail to Michael.Byars@usdoj.gov
encl: Trial Transcript Excerpts, Docket Excerpts, Stipulations

# EXHIBIT

# C

D. B. Karron, Ph. D.
348 East Fulton Street
Long Beach, New York 11561
September 29, 2010

Hon. Naomi Reice Buchwald
United States District Judge
Courtroom: 21A
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

BY FAX TO CHAMBERS at +1 (212) 805 7927

RE: United States vs. Daniel B. Karron, 08 Civ. 10223 (NRB)(DFE)
    Motion for Sur-Reply to Government's Reply in Opposition,

Dear Judge Buchwald;

The Defendant, responding *pro se* at this time, respectfully requests leave to make a surreply to the Governments reply, REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, submitted to this court September 17, 2010.

In reviewing this case status with the *Pro Se* office, who's clerks reviewed the docket, they noted that the Government due date for its reply was August 30, by the last docketed briefing schedule. *Prima facie,* it would appear that the Government reply is late, and possibly the Government could be held to be technically in default. If the Defendant replies to a reply brief that is improperly admitted then the Defendants sur-reply could conceivably be held to be invalid as well.

However, the Government, through Mr. Byars, apparently did submit a written letter request for the September 17 reply date, and relayed by e-mail to the Defendant that he had indeed obtained oral permission. However, the *pro se* clerk stated that they have no docketed endorsement, as of 27th, of the letter emailed to the Defendant as evidence of this oral permission reported by Mr. Byars. The *pro se* clerk said that it was up to myself to bring this issue to the attention of the court and redress or seek correction if desired.

This has caused serious consternation on the part of the Defendant, because this very issue of oral *versus* written permission is an argument of the Government against the Defendant. The Defendant has paid dearly for not understanding the imperative of proper record keeping. While the Defendant kept unstructured records (logs of papers and documents), the Defendant did not realize the need or value of blue pen signed paper documentation for each and every grant

cost line item. Now the Government seeks to impale the defendant on her own budget and records and lack of experience with the level of documentation required to defend herself. As the Court found in the criminal trial, "**It suggests not approved in writing. I have seen that. I agree with that. But it sounds as if it was approved orally**. *See Exhibit 1 Below.*

In conformance to the courts individual practice rules, our reply would conventionally be constrained to 10 pages. However the Defendant requests permission for the page count to be exclusive of the Table of Authorities and Table of Contents.

The reason for this request for expansion is because the Defendant is not versed in legal shorthand and brevity of argument. A seasoned legal practitioner can use the language to telegraph intended meaning with a few words or phrases, like winks and nods, as the Plaintiff does in making short arguments based only on local precedent. This style of argument may omit facts and logic. While a large part of the art of rhetoric and argumentation, argument based on politic and and appearance will lead to unscientific, illogical, and false conclusions.

The Defendant seeks to make a deeper argument based on syllogism of facts and elements of law, laid out as numbered checklist of elements and the facts applied to each element. The plaintiff will also incorporate novel element of 5th Amendment rights under the Constitution as applied to civil collateral estoppal. The proposed surreply will not be a restatement of the Defendants brief, but an clarification and expansion on the elements of collateral estoppal, and constitutional law; showing plainly that the Government's arguments do not reach this bar from the facts established in the previous criminal trial.

Sincerely,

D. B. Karron
*pro se*

cc: Michael Byars by e-mail to Michael.Byars@usdoj.gov

Exhibit 1 : Sentencing Transcript
Page 19

10 THE COURT: ... The incremental amount of
11 additional expense caused by the grant could be classified as
12 direct expense and not indirect expense. Direct expenses are
13 allowed, regardless of what they are. Indirect expenses are
14 not allowed.
15 MR. EVERDELL: I think that that quote just says right
16 there that they are talking about a possibility, but a
17 possibility that was never actually approved. And a
18 possibility 'that was never actually budgeted. So--
19 THE COURT: **It suggests not approved in writing**. I
20 have seen that. I agree with that. **But it sounds as if it was**
21 **approved orally**.

# EXHIBIT

# D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007-1312

212-805-0194

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

September 29, 2010

Daniel B. Karron
348 E. Fulton Street
Long Branch, NY 11561

Michael J. Byars
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
86 Chambers Street
New York, NY 10007

Re: **United States v. Daniel Karron**
**08 Civ. 10223 (NRB)**

Dear Dr. Karron and Mr. Byers:

We write in response to the parties' recent correspondence seeking to submit additional papers on plaintiff's fully-briefed motion for summary judgment. Under the circumstances, this Court is disinclined to expand the normal parameters of a summary judgment motion.

Specifically, the Court will not permit Dr. Karron to file a sur-reply memorandum or an additional appendix of documents (whether in paper or in electronic format). The Court has remained flexible and has accommodated several requests by Dr. Karron to extend filing deadlines, including on June 28, 2010 and on July 16, 2010. On July 30, 2010, the Court rejected Dr. Karron's submission due to its non-compliance with the Individual Practices of the Court and permitted Dr. Karron to file a revised submission. Even after this non-compliance, the Court granted Dr. Karron's request to file a memorandum of law in excess of this Court's 25-page limit and accommodated Dr. Karron's request to present this opposition in a unique format. However, the Court's flexibility is not unlimited as we are not persuaded that the flexibility already shown is not sufficient and/or that additional submissions will clarify the issues. Although pro se litigants generally deserve more lenient treatment than those represented by counsel, all litigants, including pro se litigants, have an obligation to comply with court rules and orders, including the Individual Practices of this Court. Cf. Barclay v. Doe, 207 Fed.

2

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

App'x 102, 104 (2d Cir. 2006); <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).  Accordingly, Dr. Karron's requests to file additional materials are denied.

Similarly, the Court will not permit the Government to make a motion on the admissibility of the Declaration of Deborah A. Dunlevy in Opposition to Plaintiff's Motion for Summary Judgment.  Likewise, the Court will not permit submissions from Dr. Karron regarding this issue.

Thus, the parties should await our decision on the pending motion.  Should we conclude following our detailed review of the motion papers that an additional submission is necessary, we will let you know.

Very truly yours,

Naomi Reice Buchwald
United States District Judge

cc:
Pro Se Office

# EXHIBIT

# E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

       - v -

DANIEL B. KARRON,

       Defendant.

--------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 7/30/10

<u>**MEMORANDUM AND ORDER**</u>

08 Civ. 10223 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On July 27, 2010, the Court received the defendant's opposition to the plaintiff's motion for summary judgment. The opposition comprises over one thousand pages, including a 91-page memorandum of law and a Rule 56.1 counterstatement that is not fully supported by admissible evidence. The filing is hereby rejected, and the Clerk of the Court is directed to strike the filing from the docket, as it fails to comply with the Individual Practices of the undersigned and the Local Rules of this Court.

    The fact that a litigant in this Court is proceeding <u>pro se</u> does not exempt that individual from the practices and rules that ordinarily apply. <u>Cf.</u> <u>Agiwal v. Mid Island Mortg. Corp.</u>, 553 F.3d 298 (2d Cir. 2009).

The defendant may file and serve a revised submission -- compliant with the Court's rules -- no later than August 23, 2010.  The plaintiff's reply, if any, shall be due August 30, 2010.


Dated:     New York, New York
           July 30, 2010

                                         _Naomi Reice Buchwald_
                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE


A copy of the foregoing Order has been mailed on this date to the following:

**Attorney for Plaintiff**
Michael J. Byars
Assistant United States Attorney
Civil Division
86 Chambers Street
New York, NY 10007

**Defendant**
Daniel B. Karron
348 E. Fulton Street
Long Branch, NY 11561

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA
_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

DANIEL B. KARRON

_____

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

08   Civ. 10223   (NRB ) (___)

**AFFIRMATION OF SERVICE**

I, Daniel B. Karron _____ , declare under penalty of perjury that I have
                    *(name)*

served a copy of the attached Notice of Motion to Correct Record _____
                              *(document you are serving)*

upon Michael J. Byars _____ whose address is _____
        *(name of person served)*

86 Chambers Street, 3rd Floor, New York, New York  10007 _____
                         *(where you served document)*

by e-mail to Michael.Byars@usdoj.gov _____
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated:   Long Beach _____ , NY _____
         *(town/city)*              *(state)*

         April April  l 9 , 20 11
         *(month)*   *(day) (year)*

_____
*Signature*

348 East Fulton Street
*Address*

Long Beach
*City, State*

11561
*Zip Code*

917 674 0828
*Telephone Number*

*Rev. 05/2010*