# MEMO ENDORSED



*ENDORSEMENT*

Application granted.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

- v. -

DANIEL B. KARRON,

Defendant.

08 Civ. 10223 (NRB) (DFE)

REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL

I, Daniel B. Karron am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* on appeal and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

The issues I desire to present on appeal are the following:

1. The overarching (amongst others not listed here) is the unwarranted and unjustified overbroad expansion of culpability from the Defendant's criminal trial judgment. The court assumed as matters of fact the entirety of the Governments 56.1 statement for allegations made by witnesses; when, the witness was later impeached on cross-exanimation. The Court threw out wholesale the Defendant's counter 56.1 statement of fact as being unsupported by acceptable citations and references to evidence acceptable at trial, when a cursory analysis of the citations by the reveals otherwise.
2. The court lays a foundation for a False Claim with the defendants' signature on the Form SF-272, dated December 19, 2001. On that form, Karron represented the application of first $150,000 that Karron withdrew from the US Treasury to CASI. The Court cited this in its "Opinion and Order" at page 27footnote .

   Karron represented that $150,000 as the entire sum has been used for program purposes.

1

The Court mis-quoted and mis-construed the Form SF-272 affirmation [by omitting the paragraph lead in modifying antecedent clause]. Karron had good reason to believe this to be true; **it was ultimately held to be true at the criminal trial.** The quotation from the SF 272 form is

> **I certify to the best of my knowledge and belief that** this report is true in all respects and that all disbursements have been made for the purpose and conditions of the grant or agreement.
> **[Boldfaced text was omitted by the Court in Opinion and Order at 27 footnote]**

The Court mis-cited the criminal transcript.

> "However, the evidence at the criminal trial plainly established **[where?]** that Karron used $75,000 of this very disbursement for unauthorized personal expenses.
> **[lack of citation boldfaced]** Opinion and Order at 27 footnote.

The Defendants' opposing 56.1 statement of facts rebuttal to movants' paragraph 28 at page 28ff shows that the $75,000 transfer from the initial $150,000 drawdown was *bona fide* wage advance,. This is fully supported by the Karron declaration exhibits of Karron's personal tax returns, CASI time sheets, CASI withholding tax returns, and trial testimony cross-exanimation. The testimony the court alludes to ("evidence at the criminal trial") is for spending made from Karron's after tax paid wages for co-funding and indirect costs, as budgeted. The court declined to recognize (under the theory of issue preclusion) abundant evidence presented Karron's wages mostly went to co-fund this project, and as such, every cost was not necessarily paid with government funds. This issue of the initial $75,000 wage cash advance and repayment was ultimately accepted by the trial judge as wages *Sentencing Transcript Page 7 Line 18 – 19*

The Court ignores (because of the blanket contention that the Defendant cited inadmissible material under the Federal Rules of Evidence) the factual statement made in the Defendant/non-movant's' counter 56.1 statement to movants paragraph 22, at Page 19f and also ignores the Declaration of Chunkran at 3 and the associated Exhibit A page 2, Paragraph f.

The foundational document of the courts False Claims Act summary was deleted [not excused, as cited by Chunkran at 3] by the deletion specified in Cooperative Agreement Amendment 4, Paragraph f. Therefore, the form SF272 and anything the Defendant placed on the SF272 document is moot, immaterial, deleted in its entirety, and retroactively removed as a requirement. The government's contention is that had the government known the $75,000 was being diverted for non-program costs, they would have halted the project at that point. The defendant contends the government allowed an initial cash advance to bootstrap the project, there was no reason not to "fund forward"

2

the project, and it broke no rules. The $75,000 wage advance was allowed, accepted by ATP, not cited as a reason to suspend the project when it was suspended a year and a half later, and ultimately accepted by the criminal court 7 years later. The courts foundational false claim document was rendered retroactively deleted and factually immaterial by Amendment 4. This is in addition to the Defendant's argument that the form SF 272 is true, and it is not a False Claim,.

3. The court makes erroneous argument to establish the full amount of the governments' contribution to the grant as the base for treble damages. The foundation of this argument is the

    a. Courts wrong assertion the Government has not received assets with an ascertainable value by citing "a number of circuits that held that the above measure of damages", or a "Benefit of the Bargain'. The overlooked fact in this assertion is the government sponsor cost figures, given on the Budget page, establishes the **value of the Tasks** (also referred as Milestones when completed). The purpose of the **Tasks** section of the budget page is that the costs give the project the property of **severability**, a measure of fractional project value in the event of early termination. This is part of the unique ATP cooperative agreement as opposed to SBIR contracts cited by the court in *Longhi*.

    b. The government also concretely benefits by the ATP statute *15 CFR § 295.8*, wherein it states the "recipient grants the government or others acting on its behalf **a paid up**, non-exclusive, irrevocable worldwide license". The clause '**paid up**' clearly refers to the funding in payment for the rights to the fruits of its funding.

    c. The court refers to grants provided to disqualified participants, as a reason the government loses all benefit of its bargain by citing *Longhi* and making reference to fraud and SBIR programs. However, the underlying facts in these arguments are not true elements in this particular case and circumstance being appealed:
        i. Karron was not disqualified,
        ii. There was no fraud neither found or implicated in criminal case, nor required for to uphold conviction on appeal.
    Karron is not debarred, unlike the principals in *Longhi*, who were formally debarred and are in the federal Excluded Parties Database.
        iii. The CASI project was not terminated as in *Longhi*, but suspended. Suspension, also a formal procedure under 15 CFR Part 26, with the assumption of resumption on resolution of differences, also requiring notification of congress. *15 CFR § 295.3(b)*.

3

1. If you are presently employed:
a) Give the name and address of your employer
b) State the amount of your earnings per month

    I am currently unemployed.

2. If you are NOT PRESENTLY EMPLOYED:
a) state the date of start and termination of your last employment

    August 2009 to April 2010

b) State your earnings per month

    1250 gross

3. Have you received, within the past twelve months, any money from any source?
    Yes

If so, name the source and the amount of money you received.

    New York State Unemployment Insurance Benefits 600/month

a) Are you receiving any public benefits?

    Yes, Food Stamps, $15.00
    Medicare Health Insurance

b) Do you receive any income from any other source?

    Roommates, 600/Month

4. Do you have any money, including any money in a checking or savings account?

    Yes

If so, how much?

    Savings Account $200
    Checking Account 400

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property?

    Yes

If the answer is yes, describe the property and state its approximate value.

4

Contested ¼ share in deceased mother's house in Long Beach.
Approximate Value $0-$100,000 (less tax and civil liens and fighting over title)

6. Do you pay for rent or for a mortgage?

    NO

If so, how much each month?

7 List the person(s) that you pay money to support and the amount you pay each month.

8. State any special financial circumstances, which the Court should consider.

    Felony conviction and $4M Summary Judgment, and Impending Bankruptcy has destroyed Appellant's career and earning capacity.

I understand that a false statement or answer to any question in this declaration shall subject me to the penalties for perjury.
I declare under penalty of perjury that the foregoing is true and correct.

Signed this 18th day of April 2011

*[signature]*
Daniel B. Karron
Appellant IFP

Let the applicant proceed on appeal without prepayment of cost or fees or the necessity of giving security therefore

_____
United States District Judge

DATED: _____ ___, 2011
New York, New York

5